MELÓN HNOS. & Co., *S. en C.*, Plaintiff and Appellee, *v.* R. MUÑIZ DE LEÓN & CIA., (*S. en C.*), Defendant; JOSÉ R. VILLAMIL, Intervener and Appellant.

No. 7591.   Argued April 22, 1940.—Decided May 20, 1940.

*F. M. Susoni* for appellant.   *Angel A. Vázquez* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On January 30, 1939, we rendered a judgment in the case at bar reversing the judgment appealed from and remanding the case to the court of origin for further proceedings. *Melón Hnos. & Co.* v. *R. Muñiz, etc.,* and *Villamil, Intervener,* 54 P.R.R. 171.

The plaintiff and appellee moved us to reconsider the said judgment and to set the case anew for hearing, on the grounds: (1) that the secretary of this court had failed to

notify, as customary, the day set for the hearing of this case on its merits, and (2) that, should the plaintiff and appellee have had an opportunity to appear before this court on the said day and to file its brief, the outcome of the case would have been favorable to it.

In view of the grounds advanced, we granted the motion and the appeal was heard anew on April 22, 1940, with the appearance of Attorney Angel A. Vázquez for appellee in whose behalf he submitted again the case on its merits as set forth in a brief filed by him on March 30, 1940, but without oral argument.

When this appeal was originally decided, that is, on January 30, 1939, we said:

"The judgments rendered by this Supreme Court, affirming or reversing those of the district courts, can only be appealed from to the Circuit Court in the cases specified in the Federal statute referring to such matter. Once the mandate has been sent from this Supreme Court to the lower court, the latter again acquires jurisdiction of the case but for the sole purpose of executing the judgment and complying with the mandate of this higher tribunal. The lower court has no power to reopen the case nor to reconsider, amend or stay the execution of a final and definite judgment of this court. If this were possible, all suits would be interminable and the judgments of the highest insular court would never have the force of *res adjudicata*.

"The judgment rendered by this Court on November 27, 1935, affirming the order rendered by the District Court of San Juan on July 9, 1934, (see 49 P.R.R. 687) is a final and definite judgment. It was the duty of the lower court to comply with it, compelling the complainant Melón Hnos. & Co. to return to the clerk of the district court the exact amount that had been delivered to it as a result of the judicial sale of the goods of R. Muñiz de León & Co."

In support of its contention that ". . . . fraud is one of the grounds on which a district court may reconsider one of its orders, setting the same aside even after its affirmance by the Supreme Court," the plaintiff and appellee cites the cases of *Aybar* v. *Vara*, 51 P.R.R. 182; *Mojica* v. *Court*, 49 P.R.R. 521, and also 42 C.J. 544–547, secs. 243, 244 and 245.

The *Aybar* and *Mojica* cases invoked by appellee are distinct from the case at bar and, therefore, are not applicable. The quotation from Corpus Juris does not support its contention.

As we have not changed our opinion to the effect that no court below this court has power to go against our opinions or judgments, our opinion of January 30, 1939, is hereby reproduced, and for the reasons set forth therein judgment must be rendered reversing the order appealed from and remanding the case to the lower court for further proceedings not inconsistent with this opinion, all of which without prejudice to any right of the creditor partnership Melón Hnos. & Co., S. en C., to bring any action or proceeding that it might deem fit in order to establish its alleged right to the fund as soon as the latter is placed again *in custodia legis*.